## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GARY HIGHTOWER, )
           Plaintiff, )
            ) Case Number 04 C 4457
v. )
            )
ALL AROUND AMUSEMENT, ET AL., )
            )
           Defendants. )

FILED
OCT 07 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
OCT 08 2004

### NOTICE OF FILING

**PLEASE TAKE NOTICE** that on October 7, 2004, pursuant to the Court's order of September 9, 2004, the undersigned filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Plaintiff's Prove-Up Documents in Support of Entry of Judgment and Award of Statutory Attorneys Fees and Costs against Defendant Robert Salerno.

Dated: October 7, 2004

                           One of Plaintiff's Attorneys

Richard J. Lofgren
Edward W. Gleason
**KEEGAN, LATERZA,**
**LOFGREN & GLEASON, P.C.**
566 West Adams Street, Suite 750
Chicago, Illinois 60661
Tel.: 312-655-0200
Fax: 312-655-0202

## CERTIFICATE OF SERVICE

I, Richard J. Lofgren, an attorney, hereby certify that I caused a copy of the Plaintiff's Prove-Up Documents in Support of Entry of Judgment and Award of Statutory Attorneys Fees and Costs against Defendant Robert Salerno to be served upon Robert Salerno at his last know address listed below by causing same to be placed in the U.S. mail receptacle located at 566 West Adams St., Chicago, Illinois 60661, with proper postage prepaid this 7th day of October, 2004.

Robert Salerno
21342 West Division
Lockport, Illinois 60441

Richard J. Lofgren

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY HIGHTOWER, an Individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 4457 |
| ) | |
| ROBERT SALERNO, an Individual, ) | Honorable Judge Suzanne B. Conlon |
| ) | |
| Defendant. ) | |

FILED
OCT 07 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
OCT 08 2004

### PROVE-UP DOCUMENTS IN SUPPORT OF ENTRY OF JUDGMENT AND AWARD OF STATUTORY ATTORNEYS FEES AND COSTS

NOW COMES Plaintiff Gary Hightower, ("Mr. Hightower"), by and through his counsel of record, Richard J. Lofgren of Keegan, Laterza, Lofgren & Gleason, P.C., with Prove-Up Documents in Support of Entry of Judgment and Award of Statutory Attorneys Fees and Costs against Defendant Robert Salerno ("Mr. Salerno"). In support of thereof, Mr. Hightower states as follows:

### INTRODUCTION

In accordance with the Courts's order of September 9, 2004, Mr. Hightower files his prove-up documents. In support thereof, Mr. Hightower states that pursuant to the Fair Labor Standards Act, 28 USC § 201 et seq. ("FLSA") he should be awarded damages in the amount of $7754.11 for back pay owed as a result of Mr. Salerno's noncompliance with the FLSA, and an additional amount of $7754.11 as liquidated damages, together with an award of statutory attorneys fees and costs.



## FACTS

From May 4, 2002 through September 20, 2002, Mr. Hightower was employed by All Around Amusement, Inc. which operated amusement rides and a traveling carnival in and out of Illinois. (*See* attached Exhibit "A", affidavit of Mr. Hightower) During this time, Mr. Salerno represented himself to Mr. Hightower as President of All Around Amusement, Inc.[1] (Id.)

Mr. Hightower was employed as a general laborer, and, among other things, he assisted in setting up and tearing down the amusement rides, repairing the equipment, and working in the company's warehouse. (Id.) Mr. Hightower's work week ran from Sunday to Saturday with payday being on Saturdays. (Id.) During each week of his employment, Mr. Hightower worked in excess of 40 hours per week, and was neither paid the equivalent of the required minimum wage of $5.15 per hour nor the required time and a half for hours over 40.[2] (Id.) Notwithstanding the number of hours he worked, Mr. Hightower was paid, when paid at all, an arbitrary amount of money that bore not true relationship to actual hours and overtime worked. (Id.)

During his employment, Mr. Hightower spoke directly with Mr. Salerno regarding his company's failure to pay the him the required minimum wage and overtime. In response, Mr. Salerno informed Mr. Hightower that he was in the entertainment business and did not have to pay him minimum wages or overtime. (Id.)

---

[1] A search of the Illinois corporate records revealed that Mr. Robert Salerno is listed as the President of All-Around Amusement, Inc., an Illinois corporation. (*See* attached Exhibit "B", copy of corporate records for All Around Amusement, Inc.)

[2] During the period involved, the federal minimum wage was $5.15 per hour. (*See* 29 U.S.C § 206(a)(1))

According to a work diary generated by Mr. Hightower, during the period of May 4, 2002 through September 20, 2002, based upon the hours worked each week, the prevailing minimum wage of $5.15 an hour and the required overtime of $7.73 for time and a half for hours over 40 in a week, Mr. Hightower should have been paid a total of $10,177.61. (Id.) However, during this period of time notwithstanding the hours actually worked, Mr. Hightower was only paid $2,423.50. (Id.) As a result, Mr. Hightower was underpaid $7,754.11.

On July 6, 2004, Mr. Hightower filed suit against All Around Amusement, Inc. and its president, Mr. Salerno, for failure to pay him the required minimum wage and overtime.[3] (*See* attached Exhibit "C", Complaint) On August 9, 2004, Mr. Salerno was served with process on August 9, 2004. (*See* attached Exhibit "D", attached Return of Service.) At the August 13, 2004, status hearing, Plaintiff's counsel informed the Court that Defendant All Around Amusement, Inc. was currently in bankruptcy and that he had spoken with counsel for the debtor and the trustee. In light of Defendant All Around Amusement, Inc.'s bankruptcy, the Court dismissed it from this case without prejudice. Although served on August 9, 2004, Mr. Salerno did not appear in person or through counsel at the status hearing. As a result, the Court instructed Plaintiff's counsel to notify Mr. Salerno in writing of the next status hearing set for September 9, 2004 at 9:00 a.m. Pursuant to the Court's instructions, on August 13, 2004, Plaintiff's counsel notified Mr. Salerno in writing of the next scheduled status hearing and of the need for him to appear personally or through counsel at that time. (*See* Exhibit "E", correspondence of August 13, 2004)

---

[3] The Court entered an order on September 9, 2004, directing the clerk of the court to correct the docket to reflect the correct spelling of Mr. Salerno's last name.

Page 3 of 6

On September 9, 2004, Mr. Hightower's case against Mr. Salerno appeared on the scheduled status hearing. At that time, neither Mr. Salerno nor his counsel appeared. Since Mr. Salerno was served, failed to appear, and per the Court's earlier instructions a letter had been sent informing him of the status hearing, the Court entered a technical default against him and granted Mr. Hightower leave to file and serve his prove-up documents.

## ARGUMENT

Because All Around Amusement, Inc.'s business involved interstate commerce, Mr. Hightower's claims would fall within the coverage of the FLSA.[4] Under the FLSA, a plaintiff is entitled to the statutory minimum wage with "all hours up to 40 hours being paid at a regular rate and all hours above 40 hours being paid at one and one-half regular rates." (*See* 29 U.S.C. §§ 206-207; *O'Brien v. Encotech Corp.*, 2004 WL 609798 (N.D. Ill. 2004)) Moreover, under the definition of "employer" used in the FLSA, Mr. Salerno is liable for the unpaid minimum wage and overtime. (*See* 29 U.S.C. § 203(d) (employer within the meaning of the Act includes "any person acting directly or indirectly in the interest of an employer in relation to an employee")) Additionally, once an employer has been found liable for failure to pay minimum wages or overtime in violation of FLSA, an employee is entitled to receive the amount of back wages owed plus an additional equal amount as liquidated damages. (*See Brooklyn Savings Bank v. O'Neil*,

---

[4]Mr. Hightower filed a handwritten *pro se* complaint and shortly thereafter, Mr. Lofgren was appointed to act as counsel on his behalf. The complaint makes reference to the Illinois Minimum Wage Act ("IMWA"), 820 ILCS § 105/1, which is patterned after the FLSA and adopts many of its standards. (*See Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173 (7th Cir. 1987)). Employees not covered by the FLSA because they and/or their employers are not engaged in interstate commerce (*see* 28 USC §§ 206 and 207) may nonetheless be protected by the IMWA. However, in this case, due to the interstate nature of All Around Amusement, Inc.'s business, it is appropriate to apply the FLSA regarding Mr. Hightower's claims for failure to pay the required minimum wage and overtime.

324 U.S. 697, 707, 65 S.Ct. 895, 902 (1945)) An award of liquidated damages under the FLSA is presumptive. (29 U.S.C. § 216(b)) Lastly, in addition to any judgment awarded, the Court shall allow a reasonable attorneys fee to be paid by the defendant and the costs of the action. (Id.)

Based upon Mr. Hightower's affidavit and supporting documentation, had he been properly paid the prevailing minimum wage of $5.15 an hour and the required overtime of $7.73 for time and a half for hours over 40 in a week, he should have received a total of $10,177.61 (840 hours at $5.15 or $4326.00 plus 757 hours at $7.73 or $5851.61). (Id.) As reflected in the chart attached to Mr. Hightower's affidavit, this figure represents the payment of a minimum wage of $5.15 per hour up to forty hours per week (Sunday to Saturday) and then adding overtime wages of $7.73 for each hour worked over forty each week. However, during the period of time in question and notwithstanding the hours he actually worked, Mr. Hightower was only paid $2,423.50. (Id.)

Pursuant to 29 U.S.C. §§ 206-207, Mr. Hightower should be awarded $7,754.11 ($10,177.61 less $2423.50) for his unpaid minimum wages and overtime.

Pursuant to 29 U.S.C § 216(b), Mr. Hightower should be awarded an additional amount of $7754.11 as liquidated damages.

Pursuant to FRCP 54(d), Local Rules 54.1 and 54.3 and 29 USC § 216(b), Mr. Hightower's counsel should be granted statutory attorneys fee in the amount of $3144.00 and costs in the amount of $10.00 as supported by the affidavit of Richard J. Lofgren attached hereto as Exhibit "F".

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff Gary Hightower respectfully requests that this Court enter judgment in his favor and against Defendant Robert Salerno in the amount of $7754.11, which amount represents unpaid wages, an additional amount of $7754.11 as liquidated damages, together with an amount for statutory attorneys fees and costs.

By: _____
One of Mr. Hightower's Attorneys

Richard J. Lofgren
KEEGAN, LATERZA, LOFGREN
    & GLEASON, P.C.
566 W. Adams St., Ste. 750
Chicago, IL 60661
312-655-0200

# See Case File For Exhibits