UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY HIGHTOWER, | ) |
| Plaintiff, | ) |
| vs. | ) Gen. Case No.: 04 C 4457 |
| | ) Hon. Suzanne B. Conlon |
| ALL AROUND AMUSEMENT and | ) |
| ROBERT SALERNO, | ) |
| Defendants. | |

**FILED OCT 2 6 2004 Judge Suzanne B. Conlon United States District Court**

**DOCKETED NOV - 8 2004**

## NOTICE OF FILING

TO: Richard J. Lofgren
566 West Adams Street
Suite 750
Chicago, IL 60661

Please take note that on October 26th, 2004, the undersigned filed with the Clerk of this Court the following document in the above captioned case: OBJECTIONS TO PLAINTIFF'S PROVE-UP DOCUMENTS IN SUPPORT OF ENTRY OF JUDGMENT, a copy of which is attached and service of which is being made upon you.

By: <u>Nischal Raval</u>
Law Offices of Morelli & Cook
Attorneys for Defendant
403 W. Galena Blvd., Aurora, IL 60506
630/892-6665

## **CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath, deposes and states that they mailed a copy of the foregoing Notice of Filing to the parties listed above, at the address indicated, by depositing the same in the United States Mail at Aurora, Illinois, postage prepaid before 5:00 PM on October 26, 2004

*[signature]*



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY HIGHTOWER, | ) |
| Plaintiff, | ) ) ) |
| V. | ) No. 04 C 4457 |
| | ) Hon. Suzanne B. Conlon |
| ALL AROUND AMUSEMENT and ROBERT SALERNO, | ) ) ) |
| Defendants. | ) |

**FILED OCT 2 6 2004 Judge Suzanne B. Conlon United States District Court**

### OBJECTIONS TO PLAINTIFF'S PROVE-UP DOCUMENTS IN SUPPORT OF ENTRY OF JUDGMENT

Defendant, Robert Salerno, by his attorneys, The Law Offices of Morelli & Cook, objects to the Prove-Up Documents in Support of Entry of Judgment filed by Plaintiff, Gary Hightower. In support thereof, Robert Salerno states as follows:

### INTRODUCTION

Robert Salerno (Mr. Salerno) objects to the prove-up documents provided in support of entry of judgment submitted by Plaintiff. Specifically, Mr. Salerno disputes that Plaintiff's claim falls under the Fair Labor Standards Act (FLSA); he argues that the documents submitted by Plaintiff are questionable at best; and that the attorney's fees sought are unreasonable.

DOCKETED NOV - 8 2004

### FACTS

Gary Hightower (Mr. Hightower) was employed by All Around Amusements between May 22, 2002 and September 20, 2002. (See attached Exhibit "A", affidavit of



1

Robert Salerno.) During the 2002 season, and the preceding four years[1], All Around Amusements *exclusively* ran carnivals in the State of Illinois. (*Id.*)

Mr. Hightower was a salaried employee earning two hundred and fifty dollars ($250.00) per week take home pay based on a six day work week (Tuesday thru Sunday). (*Id.*) He was employed as a general laborer who assisted in setting up and tearing down the amusement rides and operating rides during the carnival. (*Id.*) Generally, during the carnival, employees worked from 4:00 p.m. to 10:00 p.m. Tuesday through Thursday, 4:00 p.m. to 11:00 p.m. on Fridays, 11:00 p.m. to 11:00 p.m. on Saturday, and 11:00 p.m. to 10 p.m. on Sunday with a half hour lunch break each day and Monday off. (*Id.*) Set up of the rides generally happened on Tuesdays and took approximately five hours. (*Id.*) Tear downs took place on Sundays and took approximately five hours. (*Id.*) The exact number of hours worked by Mr. Hightower during any given week varied depending upon when a carnival was operating (some had later start times and earlier end times), when he actually showed up to work on any given day, and how long it took him to set up and tear down the rides. (*Id.*) In total, Mr. Hightower was paid $3664.00 over the course of his employment with All Around Amusements. (*Id.* and Exhibit F.)

On July 6, 2004, Mr. Hightower filed suit against All Around Amusements and Robert Salerno for failure to pay him minimum wage and overtime under the Illinois Minimum Wage Act (820 ILCS 105/1-15). (See Exhibit "B", Complaint.) In said Complaint, Mr. Hightower claimed damages in the amount of $1651.82. (*Id.*)

On September 9, 2004, a technical default was entered against Robert Salerno. His subsequent Motion to Set Aside Default was denied on October 19, 2004. He was

---

[1] All Around Amusements was incorporated in 1998. (*Id.*)

given until October 26, 2004 to file any objections to Mr. Hightower's prove-up documents.

## ARGUMENT

### Applicability of FLSA

As an initial matter, Mr. Hightower maintains that his claim falls within the coverage of the FLSA even though his Complaint makes no mention of said statute. As he points out in footnote four of his prove-up memorandum, employers and employees not engaged in interstate commerce are not covered by the FLSA. To get around this problem, Mr. Hightower has submitted an affidavit which states that All Around Amusements operated in and out of the State of Illinois during the course of his employment. (See Exhibit "C", Affidavit of Gary Hightower.) This is patently false.

During the 2002 carnival season, and the preceding four years that All Around Amusements was in existence, no carnival was ever played by All Around Amusements outside of the State of Illinois. (See Exhibit "A".) In support of this point, Mr. Salerno is submitting a 2002 Illinois Route Sheet, required to be filed with the Illinois Department of Labor, listing the dates played in 2002, location sheets and supporting documentation for all of the carnivals worked by Mr. Hightower, and certificates of insurance for all of the dates played by All Around Amusements in 2002. (See Group Exhibit "D".) As these documents clearly show, All Around Amusements was not involved in interstate commerce as Mr. Hightower claims.

Mr. Hightower's claim should, therefore, be analyzed under the Illinois Minimum Wage Act, as his Complaint states, and not under the FLSA.

3

### Damages

**A.  Amount Claimed**

In his Complaint, Mr. Hightower alleges damages in the amount of $1651.82 for unpaid wages. (See Exhibit "B"). In his prove up documents, he now claims damages in the amount $7754.11 for unpaid wages. Mr. Hightower is prohibited from seeking damages in excess of what was requested in his complaint. O'Brien v. Sage Group, Inc., 141 F.R.D. 81 (N.D.Ill. 1992) (no damages in excess of amount stated in complaint after default); *affirmed by* O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394 (7th Cir.(Ill.) Jul 08, 1993). Therefore, at most, Mr. Hightower is entitled to $1651.82 if such damages can be sustained by the evidence.

**B.  Insufficient Evidence**

The evidence provided by Mr. Hightower in support of his claim for damages is highly questionable. He begins by submitting that he worked for All Around Amusements between May 4, 2002 and September 20, 2002. (See Exhibit "C".) His actual start date was May 22, 2002. (See Exhibit "A".) This fact is proven by Mr. Hightower himself. Along with his Complaint, Mr. Hightower submitted a document entitled Minimum Wage and Overtime Application which he filed with the Department of Labor. (See Exhibit "B2".) That document, which bears his certified signature, states that his date of employment began on May 22, 2002. (*Id.*) How Mr. Hightower's so-called "work diary" is able to maintain that he started work two weeks before he actually did is not explained. (*Id.*)

The "work diary" used exclusively by Mr. Hightower to provide evidence of his losses is also problematic due to fact that none of the year 2002 dates provided match up

4

with the days of the week that year. (See Exhibit "E".) It seems unlikely that a document that was contemporaneously created would be wrong as to each and every day of the week.

The substance of Mr. Hightower's claim of damages, as reflected in the wage statement chart, is also dubious. In the course of its normal business, All Around Amusements maintains employee worksheets which reflect amounts paid out to employees and any deductions which may have been taken. (See Group Exhibit "F".) The majority of these documents are actually signed by Gary Hightower[2]. (*Id.*) These sheets reflect a work week beginning on Monday and ending on Sunday.[3]

The employee worksheets directly contradict the "work diary" and corresponding chart submitted by Mr. Hightower. For example, the first *actual* week Mr. Hightower began work, he worked only five days (from Wednesday 5/22 to Sunday 5/26). (*Id.*) The employee worksheet reflecting this shows that his gross pay was $210.00 with $45.00 deducted, leaving a net of $165.00. (*Id.*) Mr. Hightower, however, shows his work week beginning Sunday 5/22, which is the incorrect day of the week, and shows an amount received of $135.00. (See Exhibit "C".) Note, however that his signature appears on the employee worksheet which shows that he was paid $165.00. (See Group Exhibit "F".)

From the employee worksheet for the week of 6/3 to 6/9, which is also signed by Mr. Hightower, a net pay of $250.00 is reflected. *(Id.)* On his chart, however, Mr. Hightower claims that his pay period was 6/5 to 6/11 (which is actually a Wednesday to Tuesday) and that he got paid $110.00. (See Exhibit "C".) Discrepancies between the employee worksheets, signed by Mr. Hightower, and his "work diary" and corresponding

---

[2] On some of the documents, Mr. Hightower signs as Minister Re Asa or simply marks an "X".
[3] All Around's six day work week is from Tuesday to Sunday. Monday is normally off. (See Exhibit "A".)

5

chart appear throughout the period of Mr. Hightower's employment. (Compare Exhibits "C" and "F".)

Moreover, Mr. Hightower's "work diary" and corresponding chart does not indicate any days off he may have taken for personal reasons. As the employee worksheets indicate, Mr. Hightower was not at work on several days during his employment. (See Exhibit F.) For example, the July 29, 2002 to August 4, 2002 employee worksheet, signed by Mr. Hightower, states that he was "off Sunday" (August 4th.) (*Id.*) Mr. Hightower, however, claims that he worked from 3:00 p.m. to 11:00 p.m. that day. (See Exhibit C.) These claims are also made for August 10, August 11, August 17, August 25, September 1, September 8, September 10, September 11, and September 15. (Compare Exhibits "C" and "F".) In all cases, Mr. Hightower signed the employee worksheet which states he was "off" on each day, and yet he included these dates as days he worked. In fact, a review of Mr. Hightower's chart reveals that he never took a day off during the period he worked for All Around Amusements other then Mondays.

### D. Not Entitled to Punitive Damages Claimed

Mr. Hightower maintains that he is entitled to liquidated damages in the amount equal to the amount of back wages owed under the FLSA. As noted above, the FLSA does not apply to All Around Amusements. Under the Illinois Minimum Wage Act, 820 ILCS 105/12(a), Mr. Hightower is entitled to, if anything, back wages owed together with costs and reasonable attorney's fees as may be allowed by the Court. (See Exhibit "G".) Therefore, even if this Court determines that Mr. Hightower is owed the $1651.82 alleged in his complaint, he is not entitled to liquidated damages.

### E. Attorney's Fees are Unreasonable

Robert Salerno was defaulted in this instant cause of action on September 9, 2004. Prior to that date, Mr. Hightower's counsel appeared on one additional court date for the original return on the summons. Considering these facts, and the actual amount Mr. Hightower may recover in this suit, an attorney's fee of $3144.00 is unreasonable under the circumstances.

## CONCLUSION

Robert Salerno objects to the prove-up documents submitted by Mr. Hightower in this case. The governing statute for assessing damages in this case should be the Illinois Minimum Wage Act. Under said act, Mr. Hightower is only entitled to damages for the amount he was owed in back wages plus costs and reasonable attorney's fees.

The documents submitted by Mr. Hightower in support of his claim for back wages are dubious at best and conflict entirely with the business records submitted by Mr. Salerno. Mr. Hightower has not met his burden in establishing damages in this case. However, even if Mr. Hightower is awarded damages, he cannot be awarded more then the $1651.82 stated in his Complaint.

Respectfully submitted,

_____
Nischal Raval
One of the Attorneys for
Robert Salerno

Nischal Raval
Morelli & Cook
403 W. Galena Blvd.
Aurora, IL 60506
630/892-6665
Atty No. 6271557

7

*See Case File for Exhibits*