IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY HIGHTOWER, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 4457 |
| | ) | |
| ROBERT SALERNO, an Individual, | ) | Honorable Judge Suzanne B. Conlon |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION**

TO: See attached Certificate of Service

**PLEASE TAKE NOTICE** that on December 1st, 2004 at 9:00 a.m., plaintiff, by and through his counsel of record shall appear before the Honorable Suzanne B. Conlon in Courtroom ____ of the United States District Court, Northern District of Illinois, or before any other judge sitting in her place or stead, and then and there present the foregoing Motion to Dismiss, a copy of which is attached hereto and served upon you herewith.

Dated: November 23, 2004

_____
One of Plaintiff's Attorneys

Richard J. Lofgren
KEEGAN, LATERZA, LOFGREN
& GLEASON, P.C.
566 W. Adams St., Ste. 750
Chicago, IL 60661
312-655-0200

## **CERTIFICATE OF SERVICE**

I, Richard J. Lofgren, an attorney, hereby certify that I caused a copy of the attached pleading to be served counsel of record as shown below by causing same to be placed in the U.S. mail receptacle located at 566 West Adams St., Chicago, Illinois 60661, with proper postage prepaid this 23 day of November, 2004.

Nischal Raval
Morelli & Cook
403 W. Geneva Blvd.
Aurora, Illinois 60506

_____
Richard J. Lofgren

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY HIGHTOWER, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 4457 |
| | ) | |
| ROBERT SALERNO, an Individual, | ) | Honorable Judge Suzanne B. Conlon |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS WITHOUT PREJUDICE

NOW COMES Plaintiff Gary Hightower, ("Mr. Hightower"), by and through his counsel of record, Richard J. Lofgren of Keegan, Laterza, Lofgren & Gleason, P.C., pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure with his motion to dismiss without prejudice his complaint Defendant Robert Salerno ("Mr. Salerno"). In support of thereof, Mr. Hightower states as follows:

1. On July 6, 2004, Mr. Hightower filed suit against All Around Amusement, Inc. and its president, Mr. Salerno, for failure to pay him the required minimum wage and overtime.

2. On July 15, 2004, Richard J. Lofgren was appointed by the court to represent the plaintiff Gary Hightower in this case.

3. On November 12, 2004, this Court entered an order dismissing without prejudice the *pro se* complaint previously filed by Mr. Hightower for a lack of federal jurisdiction and granted him leave to file an amended complaint by November 23, 2004.

4. Counsel for Mr. Hightower has learned from speaking with Mr. Gary Hightower, Sr., the plaintiff's father, that the plaintiff Gary Hightower passed away on October 24, 2004.

Page 1 of 2

(*See* Exhibit "A", affidavit of Richard J. Lofgren).

5. After being apprised of the nature of this case and the need for the plaintiff's ongoing participation and assistance, Mr. Gary Hightower, Sr., as father and next of kin, authorized Counsel to inform this Court of the passing of his son, plaintiff Gary Hightower, and to seek the dismissal without prejudice of this case.

WHEREFORE, for all of the reasons set forth above, Plaintiff Gary Hightower respectfully requests that this Court enter an order dismissing this case without prejudice, with the parties to bear their own attorneys fees and costs.

By: _____
One of Mr. Hightower's Attorneys

Richard J. Lofgren
KEEGAN, LATERZA, LOFGREN
& GLEASON, P.C.
566 W. Adams St., Ste. 750
Chicago, IL 60661
312-655-0200

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY HIGHTOWER, an Individual, )
)
    Plaintiff, )
)
v. ) No. 04 C 4457
)
ROBERT SALERNO, an Individual, )Honorable Judge Suzanne B. Conlon
)
    Defendant. )

## AFFIDAVIT

I, Richard J. Lofgren, after being duly sworn, deposes that the following is true and correct and that I have personal knowledge to testify thereto if so called:

1. On July 15, 2004, I was appointed by the court to represent the plaintiff Gary Hightower in this case.

2. On November 16, 2004, I spoke with Gary Hightower, Sr., the father of plaintiff Gary Hightower.

3. At that time, I was informed that plaintiff Gary Hightower had passed away on October 24, 2004.

4. Mr. Hightower, Sr. and I discussed the nature of this case and the need for plaintiff's participation on a going forward basis and the difficulties posed by the passing of his son.

5. As a result of our discussions, Mr. Hightower, Sr., as father and next of kin, authorized me to inform the Court of the passing of his son, plaintiff Gary Hightower, and seek the dismissal of this matter. (*See* attached correspondence dated November 16, 2004)

                                                                  Richard J. Lofgren

Subscribed and sworn to before me this
___th day of November 22, 2004

_____ Notary Public

"OFFICIAL SEAL"
Franco Laterza
Notary Public, State of Illinois
My Commission Exp. 10/18/2007
Case: 1:04-cv-04457 Document #: 23 Filed: 11/23/04 Page 5 of 6 PageID #:77

FILED
NOV 23 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
DEC 02 2004

LAW OFFICES OF
# KEEGAN, LATERZA,
# LOFGREN & GLEASON, P.C.
A PROFESSIONAL CORPORATION

566 WEST ADAMS STREET
SUITE 750
CHICAGO, ILLINOIS 60661

(312) 655-0200
(312) 655-0202 FAX
www.kllglaw.com

Richard J. Lofgren

Direct Line 906-8807

November 16, 2004

Gary Hightower, Sr.
5711 S. Sangamon
Chicago, Illinois 60621

Re: *Gary Hightower v. All Around Amusement and Robert Salerno*, 04 C 4457, United States District Court, Northern District of Illinois

Dear Mr. Hightower:

I very sorry to learn of the passing of your son, Gary. I was appointed by the Federal Court to represent Gary in the above captioned wage claim he had filed against a former employer. The Court recently dismissed the complaint filed by Gary for lack of federal jurisdiction and granted him leave to file an amended complaint by November 23, 2004.

As we further discussed, because of need for Gary to assist me and testify as to the basis of his claim, I believe it will be very difficult if not impossible to successfully prevail on either a state or federal wage claim in light of his passing. Therefore, with your approval as his father and next of kin, I will inform the court of his passing and have the matter dismissed.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Richard J. Lofgren